

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| JAMES D. COOPER, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 9:09-2757-HFF-BM |
| | § | |
| MARTY ESTLA, et al, | § | |
|     Defendants. | § | |

## ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the case be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 25, 2010, but Plaintiff failed to file any objections to the Report. On March 18, 2010, Plaintiff informed the Clerk's office that he had failed

to receive a copy of the Report and one was re-mailed to him.* On April 5, 2010, Plaintiff called again stating that he had no copy of the Report, and, again, a new copy was mailed to him and a copy was faxed to him. On April 8, 2010, Plaintiff stated that he still had no paperwork, and the Clerk's office mailed another copy, through certified mail, return receipt requested. On April 12, 2010, the return receipt was received by the Clerk's office, signed by Plaintiff, indicating his receipt of the Report. Thus, at the very latest, Plaintiff's Objections were due fourteen days from April 12, 2010, which was April 27, 2010. On April 29, 2010, Plaintiff called the Clerk's office to ask when he was supposed to come to Court. The deputy clerk advised him that no court date was set and that his response to the Report was overdue and that he should read the Report and, if he desired, he should file objections immediately. Despite the Court's patience with Plaintiff and the granting of numerous extensions of time, Plaintiff failed to file any objections.

In the absence of such objections, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court that the case be **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED**.

---

*On March 19, 2010, the Clerk's office entered additional documents provided by Plaintiff, consisting of copies of a request for a criminal background check and, evidently, the nine pages of the background check. However, this information fails to undermine the Magistrate Judge's recommendation as to Plaintiff's § 1983 claim, and, to the extent that these documents could be construed as objections, they are without merit.

Signed this 11th day of May, 2010, in Spartanburg, South Carolina.

                                                    s/ Henry F. Floyd
                                                   HENRY F. FLOYD
                                                   UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.